## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GORDON D. SONDLAND**,**

        *Plaintiff*

v.

MICHAEL R. POMPEO, individually,

and

THE UNITED STATES OF AMERICA,

        *Defendants*

Civil Action No. 21-1405 (RJL)

## PLAINTIFF'S MOTION TO TRANSFER CASE TO THE COURT OF CLAIMS

Plaintiff Gordon Sondland ("Plaintiff"), by and through his undersigned counsel, hereby files this Moves to Transfer this case to the Federal Court of Claims pursuant to 28 U.S.C. § 1631, and as grounds therefore states as follows:

1. Subsequent to the filing of the Complaint, Defendant, The United States of America, submitted a Westfall Certification (the "Certification") confirming that Defendant Michael Pompeo ("Pompeo") was at all times acting within the scope of his employment when he promised Plaintiff that he would reimburse Plaintiff's attorneys' fees incurred in connection with his testimony during the impeachment proceedings of former President Trump.

2.  As a result of the admissions contained in the Certification, this should be transferred to the Federal Court of Claims.

3.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities, the same of which is incorporated herein by reference.  A proposed Order consistent with this motion is attached hereto.

WHEREFORE, Plaintiff respectfully moves this honorable Court to grant the Motion to Transfer to the Court of Claims, award him his attorney's fees and costs expended in this behalf and for whatever other relief is appropriate under the circumstances.

Respectfully submitted,

_____
MARK A. BARONDESS, Esq.
(DC Bar No. 391597)
Attorney for Plaintiff
**MILLER BARONDESS LLP**
1999 Avenue of the Stars
Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400
E-Mail: mbarondess@millerbarondess.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GORDON D. SONDLAND**,**

   *Plaintiff*

v.

MICHAEL R. POMPEO, individually,   Civil Action No. 21-1405 (RJL)

and

THE UNITED STATES OF AMERICA,

  *Defendants*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER CASE TO THE COURT OF CLAIMS</u>

   Plaintiff Gordon D. Sondland ("Plaintiff" or "Ambassador Sondland"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion to Transfer this case to the Federal Court of Claims ("Court of Claims") pursuant to 28 U.S.C. § 1631.

## I. BACKGROUND

   1. In this lawsuit, Plaintiff, a former top United States diplomat, seeks to hold the Defendant United States of America ("United States") Department of State ("State Department") – acting through the Defendant, then Secretary of State Michael R. Pompeo ("Pompeo") – to its word.  Specifically, in 2019, Plaintiff had

been subpoenaed to testify before Congress in his capacity as a State Department employee, and State and Justice Department lawyers were declared unavailable to advise Ambassador Sondland.  Accordingly, Pompeo made a binding promise to Ambassador Sondland that the State Department would reimburse Plaintiff's legal costs if he complied with the lawfully issued subpoena.

2.     As set forth in the Complaint, Pompeo repeatedly represented that he had full legal authority to bind the State Department to an agreement whereby the State Department would reimburse Ambassador Sondland for his attorneys' fees and costs in connection with complying with a lawfully issued subpoena.

3,     In direct and detrimental reliance on these promises, Ambassador Sondland retained a Washington, D.C. firm specializing in Congressional investigations and which had the capacity to help him prepare for his appearance before Congress on an extraordinarily compressed timetable.   Ambassador Sondland therefore relied on these promises in seeking outside counsel and incurring nearly $1.8 million in attorneys' fees.

4.     Pompeo made repeated assurances to Ambassador Sondland that the State Department would reimburse all of his legal fees and costs, and through the fall of 2019, Pompeo and his staff continued to make the same reassurances. Thereafter, in two sessions on October 17 and November 20, 2019, Ambassador

Sondland testified under oath for over seventeen hours—the last seven on live national television and otherwise broadcast around the globe.

5.     Under intense questioning upon hours on end, Ambassador Sondland truthfully testified to the best of his ability about his experiences on the front lines of United States- Ukraine diplomatic relations.   His testimony addressed the purported "*quid pro quo*" with the newly elected Ukrainian government.

6.     For all his troubles, Ambassador Sondland learned that speaking truthfully and candidly in front of Congress as cameras roll is a fireable offense in Pompeo's State Department.   He, along with other top Administration officials, were terminated on February 7, 2020.

7.     Adding insult to injury, after Pompeo learned what Plaintiff had to say to Congress during the 2019 Impeachment Inquiry—entirely frank and truthful, but uncomfortable to the Administration— Pompeo attempted to back out of his promises to Ambassador Sondland.   As a result, the State Department withheld reimbursement of his legal fees in blatant breach of the October 2019 contract between the State Department and Ambassador Sondland.   With the contractual commitment of Pompeo having been abandoned for political convenience, Ambassador Sondland turned to this Court to reimburse his legal fees.

8.     Plaintiff filed his lawsuit on May 24, 2021, asserting four causes of action: (i) breach of contract pursuant to the Tucker Act, 28 U.S.C. § 1491 against

the United States of America; (ii) fraud, intentional misrepresentation, against Pompeo in his individual capacity; (iii) negligent misrepresentation against Pompeo in his individual capacity; and, (iv) breach of warranty of authority against Pompeo in his individual capacity.  (Docket No. 1, Complaint ¶¶ 63-90.)

9.      While the Complaint alleged claims in the alternative against Pompeo in his individual capacity, after this case was filed, on July 13, 2021, the United States filed a Westfall Certification (the "Certification").  (Docket No. 12).  The Certification admitted and indisputably established that Pompeo was acting within the full "scope of his employment as an officer or employee of the United States" when he promised to reimburse Plaintiff's attorneys' fees.   (*Id*. at 1, 3.) Accordingly, the Certification confirms that Pompeo did not personally commit fraud, but rather acted within the course and scope of his employment, with authority, and thereby bound United States by his promise.

10      As  a result of the filing of the Certification it was confirmed that this case should be in the Court of Claims. In an effort to avoid any unnecessary motion practice Plaintiff immediately reached out to counsel for the United States, hoping it would stipulate to the transfer of the case to the Court of Claims. (Declaration of Mark Barondess ("Barondess Declaration") ¶ 2.)

11.    Plaintiff provided counsel for the Defendant numerous examples of cases being transferred to the Court of Claims in analogous situations.  (*Id*.)

Counsel for the United States agreed that Plaintiff could dismiss this action and properly re-file his action in the Court of Claims but refused to stipulate to a transfer. (*Id*. ¶ 3.) In fact, opposing counsel stated that, if Plaintiff dismissed this action and re-filed in the Court of Claims, "[n]othing is stopping [Plaintiff] from being in the [Court of Claims] tomorrow with a far faster route to resolution." (*Id*., Ex. A.) Despite there seemingly not being an active dispute between the parties, the United States continued to refuse to stipulate to the transfer, and stated it would file a Motion to Dismiss rather than stipulating to the transfer of this case as provided by the statutory and case law of this jurisdiction. (*Id*. ¶ 4.) As a result, Plaintiff was forced to file this Motion to properly transfer this case to where it now belongs, the Court of Claims.[1]

## II.   LEGAL STANDARD

12.   Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is

---

[1] If the Court grants this Motion, Plaintiff will contemporaneously voluntarily dismiss his Second, Third, and Fourth Claims against Pompeo in his individual capacity.

transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

## III.   ARGUMENT

13.    Plaintiff and the United States agree that, under 28 U.S.C. § 1491(a), a claim for breach of contract against the United States asserted under the Tucker Act seeking more than $10,000 in damages is properly maintained in the Court of Claims.[2]  The instant action can be transferred to the Court of Claims pursuant to 28 U.S.C. § 1631.  That section mandates that a court "shall, if it is in the interests of justice," transfer an action to a court "in which the action or appeal could have been brought at the time it was filed."   As made clear by the Department of Justice's correspondence, this case could be dismissed and re-filed in the Court of Claims "tomorrow."   There is no reason not to transfer it now.

14.    Numerous courts, including in this District, have granted similar motions to transfer allegations under the Tucker Act to the Court of Claims as a

---

[2] Plaintiff did not initially file this action in the Court of Claims because the instant action also asserts personal tortious claims against Pompeo in his individual capacity, which are not claims that can be asserted in the Court of Claims.  Plaintiff was uncertain whether the United States would admit, as Plaintiff suspected, that Pompeo was acting with authority and within the scope of his employment when he made his promises to Plaintiff.  However, with the Certification, the United States clearly confirmed that Pompeo was acting within the scope of his employment when he bound the United States to reimburse Plaintiff's legal fees.  Now that the United States has confirmed that Pompeo had the authority, there is no question this case should be transferred to the Court of Claims.

matter of course, and have been reversed when they failed to do so. *See Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016) (ordering on Circuit's own motion that "the district court's dismissal of the breach of contract claim be vacated and that claim be remanded to the district court with instructions to transfer to the Court of Federal Claims pursuant to 28 U.S.C. § 1631" because, as "breach of contract claim sought over $10,000 in damages, and that cause of action constitutes a claim against the United States founded . . . upon an[] express or implied contract with the United States, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction"); *Saunders v. Wilkie*, No. CV 19-11482, 2020 WL 6382888, at *6 (E.D. La. Oct. 30, 2020) ("Under 28 U.S.C. § 1631, '[w]henever a . . . court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed. . . .'  The Court may therefore transfer plaintiff's breach of contract claim to the Court of Federal Claims, since it finds that the Court of Claims has exclusive jurisdiction over plaintiff's breach of contract claim."); *Griswold v. Potter*, No. 1:03-CV-429, 2003 WL 23941714, at *5 (W.D. Mich. Oct. 15, 2003) ("Moreover, given that Plaintiffs' claims exceed the $10,000 limit on this Court's jurisdiction under the Little Tucker Act, the Court concludes that a transfer would serve the interest of justice.").

15,     Here, there is absolutely no question that Plaintiff has sufficiently pled a breach of contract claim against the United States.   Plaintiff alleges that (i) Pompeo repeatedly promised to reimburse Plaintiff completely for attorneys' fees and costs if Plaintiff complied with the subpoena without the help of State Department attorneys; (ii) Pompeo represented that he had the authority to bind the Government; (iii) Pompeo had actual authority to authorize a principal officer of the Foreign Service to procure legal services; (iv) in reliance upon Pompeo's promise, Plaintiff retained private counsel to represent him in his capacity as Ambassador; and (v) Plaintiff incurred approximately $1.8 million in attorneys' fees in the course of his legal representation before Congressional committees. (Complaint ¶¶ 65-67.)

16.     The Certification confirmed that Pompeo was representing and acting on behalf of the United States when he made these promises, as the United States later confirmed he was acting within the scope of his employment.  If the United States wishes to make factual arguments once the case is transferred to the Court of Claims, that is its prerogative.  But there is no reason not to transfer this case now.

17.     The United States may argue that it is not in the "interests of justice" pursuant to 28 U.S.C. § 1631 to transfer this case.   But it is unclear why recommending a case be voluntarily dismissed and then re-filed rather than transferred is in the "interests of justice" for the parties or the judicial economies of

both courts.   While Plaintiff regrets having to bring this Motion, there is no question that this action now belongs in the Court of Claims.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court should transfer the Action to the Court of Claims.

Respectfully submitted,

_____

MARK A. BARONDESS, Esq.
(DC Bar No. 391597)
Attorney for Plaintiff
**MILLER BARONDESS LLP**
1999 Avenue of the Stars
Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400
E-Mail: mbarondess@millerbarondess.com

---

[3] If the Court determines that any Opposition to this Motion would be frivolous or would only be done to "harass, cause unnecessary delay, or needlessly increase the cost of litigation," the Court should issue an order to show cause pursuant to Fed. R. Civ. Pro. 11(b)(3).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GORDON D. SONDLAND**,**

       *Plaintiff*

v.

MICHAEL R. POMPEO, individually,       Civil Action No. 21-1405 (RJL)

and

THE UNITED STATES OF AMERICA,

       *Defendants*

## DECLARATION OF MARK BARONDESS

    I, Mark A, Barondess, Esq,, pursuant to 28 U.S.C. § 1746, declare and state as follows:

    1.    I am a founding partner of the law firm Miller Barondess LLP, who represents Plaintiff Gordon D. Sondland ("Plaintiff) in this action.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts.  I make this declaration in support of Plaintiff's Motion to Transfer (the "Motion").

    2.    Defendant the United States of America (the "United States") filed its Westfall Certification (the "Certification") on July 13, 2021.  As the Certification confirmed that this case should be in the Federal Court of Claims, my office

promptly reached out to counsel for the United States, hoping it would stipulate to the transfer of the case to the Court of Claims.  My office provided numerous examples of cases being transferred to the Court of Claims in analogous situations.

3.     During our correspondence, including a telephone call in which I personally participated, counsel for the United States of America agreed that Plaintiff could dismiss this action and properly re-file his action in the Court of Claims, but refused to stipulate to a transfer.  In fact, opposing counsel stated that, if Plaintiff dismissed this action and re-filed in the Court of Claims, "[n]othing is stopping [Plaintiff] from being in the [Court of Federal Claims] tomorrow with a far faster route to resolution."

4.     Despite the Defendants not having an active dispute between the parties that this action could be asserted in the Court of Claims, the United States of America refused to stipulate, and stated it would file a Motion to Dismiss rather than stipulating to the simple transfer of this case as provided by law.

5.     As a result, we unfortunately had no choice but to file the instant Motion to Transfer.

6.     A true and correct copy of our email correspondence with counsel for the United States is attached hereto as **Exhibit A**.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on July 23, 2021


_____
MARK A. BARONDESS, Esq.
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

GORDON D. SONDLAND**,**

    *Plaintiff*

v.

MICHAEL R. POMPEO, individually,       Civil Action No. 21-1405 (RJL)

and

THE UNITED STATES OF AMERICA,

    *Defendants*

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER CASE TO THE COURT OF CLAIMS

This matter is before the Court on Plaintiff Gordon D. Sondland's Motion to Transfer the Case to the Court of Claims (the "Motion"). The Court has reviewed the moving, opposition, and reply papers in support thereof. The Court deems this matter appropriate for ruling without oral argument. *See* Local Rule 7(f).

The Court **GRANTS** the Motion. The matter is **TRANSFERRED** to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. By Consent, the Plaintiff agrees to dismiss without prejudice his Second, Third, and Fourth Claims against Pompeo in his individual capacity.

IT IS SO ORDERED.


DATED: _____  _____
                              Hon. Richard J. Leon
                              Judge of the United States District Court

# EXHIBIT A

# EXHIBIT A

| | |
|---|---|
| **From:** | Lyons, Jane (USADC) <Jane.Lyons@usdoj.gov> |
| **Sent:** | Thursday, July 22, 2021 4:21 PM |
| **To:** | Skip Miller; Max W. Hirsch |
| **Cc:** | Mark Barondess |
| **Subject:** | RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer |

Gentlemen,

Thanks for your note. I hope this day finds you well.

First, if expediency and cost are your primary concerns, we continue to recommend that you voluntarily dismiss the current case and re-fie the contract claim in the Court of Federal Claims. Rule 3.1 of the Rules of Procedure for the CFC requires an amended complaint if the case arrives via transfer, so you are going to have to do that either way. Just remember that 28 USC 1500 would jurisdictionally bar the CFC complaint if you don't get the DDC case dismissed first. But nothing is stopping you from being in the CFC tomorrow with a far faster route to resolution.

Second, assuming that you continue to consider the transfer idea, I can convey that I recently spoke to the Acting Director of the section at DOJ that handles matters in the CFC. He reiterated that we still do not currently have a position on a request to transfer Count I of the current complaint. From his perspective and after years of working in this particular area of practice, the allegations in the complaint are not run-of-the-mill, and he awaits careful consideration of the allegations by his experts in this area of practice so we do not expect to be able to take a position on transfer until sometime next week, probably not before mid-week. Our reason, in a nutshell, is that it is not yet clear to us that transfer would be in the interests of justice or that the claim as currently pled would survive a threshold motion in the CFC. We agree, of course, that a legitimate claim for well over $10,000 belongs in the CFC, but you have not pointed us to any ready comparators or decisions from the CFC or Federal Circuit for us to consider in this regard. We remain willing to consider any of your research that you care to share.

Third, you reported in your July 15 email that you planned to voluntarily dismiss the tort claims formerly against Secretary Pompeo in his personal capacity. Please do so or advise me whether you still plan to file a notice of dismissal of those tort claims. Their continued pendency impacts the scope of my motion to dismiss, and because our response to the complaint is due on Monday, July 26, we would appreciate knowing your position by 10:00 am EST on Monday. If you do not dismiss before then, we will simply file a motion to dismiss all four claims. The motion is already written and is being improved in the review process currently. Naturally you would still be able to dismiss the case or the tort claims voluntarily after we move to dismiss, but your sensitivity to the optics on that is perhaps understandable.

Finally, as to settlement I think it's probably best to defer that topic for now unless you would be interested in an extremely steep discount. The jurisdictional limits on the court where the case presently sits constrain the settlement authority of my office even below its ordinary delegated authority, and I would have to go to the same people for meaningful settlement authority who are currently or soon will be considering whether transfer is appropriate. They will want to resolve their view of the claim first. And once you get the correct claim into the right court, you can speak directly with those same DOJ lawyers yourselves and I can stay out of the middle.

Best,
Jane


**Jane M. Lyons**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, NW | Civil Division | Washington, D.C. 20530
Ph: (202) 252-2540 | jane.lyons@usdoj.gov

---

**From:** Skip Miller
**Sent:** Wednesday, July 21, 2021 11:31 AM
**To:** Lyons, Jane (USADC) ; Max W. Hirsch
**Cc:** Mark Barondess
**Subject:** Re: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

No threats Jane. We obviously can stipulate to transfer and save the Court and litigants the time and expense of a motion. It happens all the time in Calif and DC. I'm not going to debate the merits other than to say that the promise to pay confirmed the parties agreement. Let's stop the procedural back and forth, get the case in the proper court and then litigate on the merits. Thank you for your consideration, Skip. PS. I did talk to our client about settlement and am willing to discuss with you if you like.

**From:** Lyons, Jane (USADC) [mailto:Jane.Lyons@usdoj.gov]
**Sent:** Wednesday, July 21, 2021 07:48 AM Pacific Standard Time
**To:** Skip Miller; Max W. Hirsch
**Cc:** Mark Barondess
**Subject:** RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Gentlemen,

We have this under advisement today, but in the meantime I would respectfully ask that you reconsider the threatening tone of your emails, if for no other reason than what you have proposed is improper procedurally. 28 USC 1631 allows a Court to transfer a case, but it does not provide a mechanism for it to happen by stipulation of the parties. So although it may not be terribly difficult to convert what you sent me into a motion that conforms to all of the rules here in D.C., I ask that you cease the multiple threats of seeking sanctions. The law in this area is considerably more complex than you have acknowledged, and the allegations in the existing complaint may or may not be sufficient to survive a motion to dismiss in the Court of Federal Claims, which could influence the "interests of justice" associated with a proposed transfer. The allegations of payment witnessed by others besides Sondland and Pompeo are of a promise to pay, and not necessarily a contract, and even more than allegations of a valid contract may be required to state a valid claim in any event.

I am unfamiliar with the practice of law in California, but I will neither tolerate nor hesitate to bring to the attention of the Court any further baseless threats of sanctions. I will get back to you with our position as soon as I receive further direction.

Best,
Jane

**Jane M. Lyons**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, NW | Civil Division | Washington, D.C. 20530
Ph: (202) 252-2540 | jane.lyons@usdoj.gov

---

**From:** Skip Miller <smiller@Millerbarondess.com>
**Sent:** Tuesday, July 20, 2021 11:19 PM
**To:** Lyons, Jane (USADC) <JLyons1@usa.doj.gov>; Max W. Hirsch <mhirsch@millerbarondess.com>
**Cc:** Mark Barondess <mbarondess@Millerbarondess.com>
**Subject:** Re: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Thank you for your email below and your consideration Jane. We've researched the law. Now that the government has acknowledged responsibility for Secretary Pompeo, we have a claim under the Tucker Act for breach of contract (the tort claims against Pompeo personally will be dismissed). There are multiple credible witnesses to the contract. We've asked you to stipulate to transferring the case to the Court of Claims, where because of your admission it belongs. Please stop dancing and sign the stipulation. It's without prejudice to and does not affect any of your legal rights or defenses. Please don't make us file a motion to transfer. It would be unnecessary and unduly burdensome for the litigants and Court; and potentially sanctionable. Skip Miller.

---

**From**: Lyons, Jane (USADC) [mailto:Jane.Lyons@usdoj.gov]
**Sent**: Tuesday, July 20, 2021 03:59 PM Pacific Standard Time
**To**: Max W. Hirsch
**Cc**: Mark Barondess; Skip Miller
**Subject**: FW: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Sorry for my clumsy hands that sent this before I finished it. Here is the rest:

1292(d)(4) and 28 USC 1500, as well as the requirements of the Contracts Disputes Act, have been the subject of many opinions and jurisdiction is a word that is not always used consistently even by judges. It may simply not be that one size fits all. In other words, not all allegations of a contract and a breach may not be sufficient.

But we need not be contentious here if there is a chance things might go another direction. I will look at what you have put together and confer with the State Department and the part of DOJ that is responsible for cases actually in the Court of Federal Claims. I will get back to you as soon as I am able. I assure you that DOJ will not take a position if it lacks a colorable basis for it. But I allow for the possibility most of the time that other people know more than I do. Thank you for giving us a bit more time to study this matter.

Please have a nice evening.

Best,
Jane

3

**Jane M. Lyons**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, NW | Civil Division | Washington, D.C. 20530
Ph: (202) 252-2540 | jane.lyons@usdoj.gov

---

**From:** Lyons, Jane (USADC)
**Sent:** Tuesday, July 20, 2021 6:50 PM
**To:** Max W. Hirsch <mhirsch@millerbarondess.com>
**Cc:** Mark Barondess <mbarondess@Millerbarondess.com>; Skip Miller <smiller@Millerbarondess.com>
**Subject:** RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Gentlemen:

Although I may have failed last evening to articulate our basis for opposing a transfer, my further research today suggests that (as I was at least in the ballpark of yesterday) the jurisdiction of the court of federal claims can depend on both the sufficiency of the allegations of both the contract and the claim. These matters require some thought and analysis by the DOJ lawyers who make this their specialty. The complexities and interplay between the statutes we discussed last night, 28 USC

---

**From:** Max W. Hirsch <mhirsch@millerbarondess.com>
**Sent:** Tuesday, July 20, 2021 6:34 PM
**To:** Lyons, Jane (USADC) <JLyons1@usa.doj.gov>
**Cc:** Mark Barondess <mbarondess@Millerbarondess.com>; Skip Miller <smiller@Millerbarondess.com>
**Subject:** RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Counsel,

As discussed during our meet and confer call yesterday, attached please find a joint stipulation to transfer this action to the Court of Claims. As discussed yesterday, the stipulation expressly contemplates that each side retains the right to make any argument once the case is transferred.

As discussed yesterday, we hope we can resolve this without motion practice, as you did not raise a single legitimate basis to oppose stipulating to the transfer of this action during our call. If you do not stipulate, we will be forced to file a motion. In that motion, we will note your failure to articulate a single legitimate basis to oppose stipulating to a transfer, and we will seek our fees.

Best,
Max

**Max W. Hirsch**
M I L L E R  |  B A R O N D E S S  LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Main: 310-552-4400
Direct: 310-552-5237

4

Fax: 310-552-8400
mhirsch@millerbarondess.com
www.millerbarondess.com
Biography

🖋 Please consider the environment – do you really need to print this email?

**From:** Max W. Hirsch
**Sent:** Friday, July 16, 2021 1:55 PM
**To:** 'Lyons, Jane (USADC)'
**Cc:** Mark Barondess; Skip Miller
**Subject:** RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Jane,

Thanks for your prompt reply. Monday at 7 pm EDT should work for us. We can also do Tuesday at the same time if that's better for you (Skip is in trial).

We of course disagree with your contention that proving our case will be an "uphill battle," as multiple individuals (including other State Department employees) witnessed Pompeo's promise and subsequent reassurances. But we don't need to litigate that now.

Speak next week; have a nice weekend. Let's use the following dial-in for our call, an outlook invite will follow:

Dial-in: 866-642-2818
Code: 310 552 5237 #

Best,
Max

**Max W. Hirsch**
M I L L E R  ❘  B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Main: 310-552-4400
Direct: 310-552-5237
Fax: 310-552-8400
mhirsch@millerbarondess.com
www.millerbarondess.com
Biography

🖋 Please consider the environment – do you really need to print this email?

**From:** Lyons, Jane (USADC) [mailto:Jane.Lyons@usdoj.gov]
**Sent:** Thursday, July 15, 2021 9:15 PM
**To:** Max W. Hirsch
**Cc:** Mark Barondess; Skip Miller
**Subject:** RE: Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer

Gentlemen:

Thank you for your email. I need to confer with the State Department and coordinate with lawyers in the National Courts section before taking a position on your request to transfer the First Cause of Action to the Court of Federal Claims in conjunction with a voluntary dismissal of the remaining claims. Although I do not expect that to take terribly

long, I am in a mediation tomorrow so it would likely be best to plan to speak on Monday afternoon. Shall we plan for 7 pm EDT? I can also be available on Tuesday if that would be more convenient for you.

I told Skip that I wasn't an expert in all things government contracts because that is not among my areas of expertise. And although I think I can see quite an uphill battle for enforcing the oral contract claim alleged in the complaint, I will leave it to my colleagues at Main Justice to raise the defenses they may see if the case is transferred to the Court of Claims.

Best,
Jane


**Jane M. Lyons**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, NW | Civil Division | Washington, D.C. 20530
Ph: (202) 252-2540 | jane.lyons@usdoj.gov


---

**From:** Max W. Hirsch <mhirsch@millerbarondess.com>
**Sent:** Thursday, July 15, 2021 8:46 PM
**To:** Lyons, Jane (USADC) <JLyons1@usa.doj.gov>
**Cc:** Mark Barondess <mbarondess@Millerbarondess.com>; Skip Miller <smiller@Millerbarondess.com>
**Subject:** Sondland v. Pompeo Case No. 1:21-cv-01405-RJL Meet and Confer


Counsel,

This email constitutes our request to meet and confer regarding the filing of a Motion to Transfer to transfer the above-captioned case to the Court of Claims pursuant to 28 U.S.C. § 1631. Since the government has formally conceded that former Sec. Pompeo was clearly acting with authority in the course and scope of his employment regarding the events alleged in the Complaint, the tort claims asserted against Mr. Pompeo may now be dismissed voluntarily by us and the case will properly proceed pursuant to the Tucker Act against the United States in the Court of Claims.

Please advise if you will consent or stipulate to the transfer of this case to the Court of Claims on this basis. This will hopefully avoid an unnecessary filing with the Court to achieve the same result. Numerous courts, including this District, have granted similar motions as a matter of course, and have been reversed when they failed to do so. *See Soliman v. Kerry*, No. 16-5155, 2016 WL 6238578, at *1 (D.C. Cir. Sept. 22, 2016) (ordering on court's own motion that "the district court's dismissal of the breach of contract claim be vacated and that claim be remanded to the district court with instructions to transfer to the Court of Federal Claims pursuant to 28 U.S.C. § 1631" because, as "breach of contract claim sought over $10,000 in damages, and that cause of action constitutes a claim against the United States founded ... upon an[ ] express or implied contract with the United States, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction"); *Saunders v. Wilkie*, No. CV 19-11482, 2020 WL 6382888, at *6 (E.D. La. Oct. 30, 2020) ("Under 28 U.S.C. § 1631, '[w]henever a ... court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed....' The Court may therefore transfer plaintiff's breach of contract claim to the Court of Federal Claims, since it finds that the Court of Claims has exclusive jurisdiction over plaintiff's breach of contract claim. For the reasons discussed above, the Court finds that this requirement is satisfied."); *Griswold v. Potter*, No. 1:03-CV-429, 2003 WL

23941714, at *5 (W.D. Mich. Oct. 15, 2003) ("Moreover, given that Plaintiffs' claims exceed the $10,000 limit on this Court's jurisdiction under the Little Tucker Act, the Court concludes that a transfer would serve the interest of justice.").

Additionally, I understand that you told Skip that Tucker Act claims could not be predicated on oral contracts. This is wrong. Pursuant to 28 U.S.C. section 1491(a)(1), "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon an *express or implied contract* with the United States." (emphasis added). Implied contracts, by their nature, are not in writing. Accordingly, the statute itself contemplates Tucker Act claims based on verbal or oral contracts. This reading of the statute is confirmed by the Court of Claims and other courts, which consistently hold that a Tucker Act claim can be predicated on an oral contract. *See Mendez v. United States*, 121 Fed. Cl. 370, 378 (2015) ("[A]ny agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the government. . . .Thus, the alleged express or implied contract may be oral or written."); *Lublin Corp. v. United States*, 84 Fed. Cl. 678, 689 (2008) ("A number of other cases, among them several in the Court of Claims, conclude that unwritten contracts are enforceable under the Tucker Act.") (collecting cases).

Please let us know if you are available to discuss the Motion tomorrow afternoon after 3 PM EDT, or Monday after 7 PM EDT.

We look forward to speaking with you. Thank you.

Best,
Max

**Max W. Hirsch**
M I L L E R  |  B A R O N D E S S LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Main: 310-552-4400
Direct: 310-552-5237
Fax: 310-552-8400
mhirsch@millerbarondess.com
www.millerbarondess.com
Biography

🌲 Please consider the environment – do you really need to print this email?

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

## <u>CERTIFICATE OF SERVICE</u>

I certify that an exact and true copy of the foregoing Motion, Memorandum

of Points and Authorities and Proposed Order was served by the Electronic Court

Filing system and electronic mail on this 23rd day of July, 2021, to the following:

Jane M. Lyons
U.S. ATTORNEY'S OFFICE for D.C. Civil Division
555 Fourth Street, NW, Washington, DC 20530
Tel: (202) 252-2540
Fax: (202) 252-2599
Email: jane.lyons@usdoj.gov
Attorney for Defendant United States of America

William Burck
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I St NW #900, Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
Email: williamburck@quinnemanuel.com
Attorney for Defendant Michael PompeoRespectfully submitted,


_____
MARK A. BARONDESS, Esq.
(DC Bar No. 391597)
Attorney for Plaintiff
**MILLER BARONDESS LLP**
1999 Avenue of the Stars
Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400
E-Mail: mbarondess@millerbarondess.com