UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GORDON D. SONDLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1405 (RJL) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

## DEFENDANT UNITED STATES' MOTION TO DISMISS

By and through its undersigned counsel, Defendant United States of America respectfully moves to dismiss this action entirely pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The grounds for this motion are set forth in the accompanying memorandum of points and authorities. In sum, this Court lacks jurisdiction over a breach of contract claim against the United States unambiguously seeking more than ten thousand dollars in damages. And because former Secretary of State Pompeo was acting within the scope of his employment when the alleged events giving rise to this action occurred, his purported oral promises to pay fees for Plaintiff's private counsel do not give rise to tort liability because Congress excluded fraud and misrepresentation from the limited waiver of sovereign immunity in the Federal Tort Claims Act and there is no other applicable waiver of sovereign immunity. Even if misconstrued as alleging negligence, the claim is barred by the economic loss rule. A proposed order is also enclosed.

---

[1]     By virtue of the Westfall Certification filed in this case (ECF No. 12-1) and operation of statute, the United States has been automatically substituted for the former Secretary of State and, thus, is the now only defendant in this action. *See* 28 U.S.C. § 2679(d)(1) (upon a Westfall Certification, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.").

Additionally, pursuant to 28 U.S.C. § 1292(d)(4)(B), the Court should dispose of Plaintiff's motion to transfer the case to the Court of Federal Claims before either addressing this motion or undertaking any other proceedings.

Dated: July 26, 2021

Respectfully submitted,

CHANNING D. PHILLPS, D.C. Bar # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By: _____/s/ *Jane M. Lyons*_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 Fourth Street, N.W. – Room E4816
Washington, D.C. 20530
(202) 252-2540
Jane.Lyons@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GORDON D. SONDLAND,                              **)** | |
| **)** | |
| Plaintiff,                              **)** | |
| **)** | |
| v.                              **)** | Civil Action No. 21-1405 (RJL) |
| **)** | |
| UNITED STATES OF AMERICA,                              **)** | |
| **)** | |
| Defendant.                              **)** | |
| **)** | |

**DEFENDANT UNITED STATES' MEMORANDUM OF POINTS AND
<u>AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</u>**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

SUMMARY OF KEY ALLEGATIONS........................................................................ 1

LEGAL STANDARDS ................................................................................................... 2

     A. Federal Rule of Civil Procedure 12(b)(1)......,,,.........................................................2

     B. Federal Rule of Civil Procedure 12(b)(6).....................................................3

ARGUMENT ................................................................................................................ 4

   I.   THE TUCKER ACT DEPRIVES THIS COURT OF JURISDICTION OVER
       THE BREACH OF CONTRACT CLAIM AGAINST THE UNITED STATES............4

   II.  THE COURT SHOULD DISMISS THE TORT CLAIMS IN THE SECOND,
       THIRD, AND FOURTH CAUSES OF ACTION FOR LACK
       OF AN APPLICABLE WAIVER OF SOVEREIGN IMMUNITY...........................7

     A. The Westfall Act Requires That Claims Against Former Secretary of State
       Pompeo Proceed Only Against the United States Because He Was Acting in
       The Scope of Employment At All Relevant Times Alleged in the Complaint...............7

     B. Dismissal Is Appropriate Because Neither The Federal Tort Claims Nor Any Other
       Waiver of Sovereign Immunity Covers The Second, Third or Fourth Causes of
       Action......................................................................................................8

        1.  The FTCA Excludes Claims of Fraud, Misrepresentation, and
           Breach of Warranty..................................................................................9

        2.  Even If Not Barred As Impermissible Claims, Plaintiff Also Failed to Allege
           Proper Exhaustion of Required Administrative Remedies.............................11

        3.  To the Extent Plaintiff's Tort Claims Sound in Negligence, They Are
           Barred by the Economic Loss Rule............................................................12

CONCLUSION.............................................................................................................. 133

# TABLE OF AUTHORITIES

## Federal Cases

*A&S Council Oil Co., Inc. v. Lader*, 56 F.3d 234 (D.C. Cir. 1995) ................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ 3, 8

*Awad v. United States*, 301 F.3d 1367 (Fed. Cir. 2002) ........................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 3

*Brown v. District of Columbia*, 514 F.3d 1279 (D.C. Cir. 2008) ........................ 2

*Brown v. United States*, 389 F.3d 1296 (D.C. Cir. 2004) ................................... 6

*Budik v. Ashley*, 36 F. Supp. 3d 132 (D.D.C. 2014), *summarily aff'd*,
    No. 14-5102 (D.C. Cir. Nov. 12, 2014) ........................................................ 10

*Cascade Pac. Int'l v. United States*, 773 F.2d 287 (Fed. Cir. 1985) ................. 5

*Cecile Indus., Inc. v. Cheney*, 995 F.2d 1052 (Fed Cir. 1993) .......................... 5

*Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004) ............... 5

*Cole v. United States*, 657 F.2d 107 (7th Cir. 1981) ........................................ 3

*Consol. Edison Co. v. Dep't of Energy*, 247 F.3d 1378 (Fed. Cir. 2001) ................. 4-5

*Dalehite v. United States*, 346 U.S. 15 (1953) ................................................. 8

*Davis v. United States*, 944 F. Supp. 2d 36 (D.D.C. 2013) ............................. 12

*DeGeorge v.  United States*, 521 F. Supp. 2d 35 (D.D.C. 2007) ..................... 10

*Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255 (1999) ............................... 9

*Fusco v. United States,* Civ. A. No. 20-0864 (JEB),
    2021 WL 1061208 (D.D.C. Mar. 19, 2021) ............................................... 12

*GAF Corp. v. United States*, 818 F.2d 901 (D.C. Cir. 1987) .......................... 11

*Grant v. Sec'y, Dep't of Veterans Affs.*, No. 03-5260,
    2004 WL 287125 (D.C. Cir. Feb. 4, 2004) ................................................. 12

*Ingersoll Rand Co. v. U.S.*, 780 F.2d 74 (D.C. Cir. 1985) ............................. 5

*Interstate Bank Dallas, N.A., v. United States*, 769 F.2d 299 (5th Cir. 1985) ............................. 3

*Jacobs v. Vrobel*, 724 F.3d 217 (D.C. Cir. 2013) ......................................................... 8

*Jefferson v. Collins*, 210 F. Supp. 3d 75 (D.D.C. 2016) ............................................. 12, 13

*Kline v. Cisneros*, 76 F.3d 1236 (D.C. Cir. 1996) ......................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ................................. 4

*Kosak v. United States*, 465 U.S. 848 (1984) ............................................................. 10

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) .................................... 4

*Landsgraf v. USI Film Prods.*, 511 U.S. 244 (1994) ...................................................... 9

*Lane v. Peña*, 518 U.S. 187 (1996) ............................................................................ 3

*Lehman v. Nakshian*, 453 U.S. 156 (1981) .................................................................. 9

*Library of Congress v. Shaw*, 478 U.S. 310 (1986) ........................................................ 9

*Macharia v. United States*, 334 F.3d 61 (D.C. Cir. 2003) .............................................. 2

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936) ................................... 2-3

*Mitchell v. Carlson*, 896 F.2d 128 (5th Cir. 1990) ....................................................... 10

*Motorola Inc. v. Perry*, 917 F. Supp 43 (D.D.C. 1996) ................................................. 5

*Mut. of Omaha Ins. Co. v. Nat'l Ass'n of Gov't Emps., Inc.*, 145 F.3d 389 (D.C. Cir. 1998) ....... 5

*Navab-Safavi v. Broad. Bd. of Governors,* 650 F. Supp. 2d 40 (D.D.C. 2009) ............................ 6

*Osborn v. Haley*, 549 U.S. 225 (2007) ..................................................................... 7, 8

*Rann v. Chao*, 154 F. Supp. 2d 61 (D.D.C. 2001) ....................................................... 2

*Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18 (D.D.C. 2000) ...................... 2

*Simpkins v. District of Columbia*, 108 F.3d 366 (D.C. Cir. 1997) ................................... 10

*Spectrum Leasing Corp. v. United States*, 764 F.2d 891 (D.C. Cir. 1985) ....................... 5

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ........................................ 3

*Swan v. Clinton*, 100 F.3d 973 (D.C. Cir. 1996) ........................................................ 11

*Tex. Health Choice, L.C. v. U.S. Off. of Pers. Mgmt.*, 400 F.3d 895 (Fed. Cir. 2005) ................. 5

*Unite States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) ............................................. 12

*United States v. Erika, Inc.*, 456 U.S. 201 (1982) ..................................................... 9

*United States v. King*, 395 U.S. 1 (1969) ........................................................... 9

*United States v. Neustadt*, 366 U.S. 696 (1961) ...................................................... 10

*United States v. Nordic Village*, 503 U.S. 30 (1992) .................................................. 9

*United States v. Shearer*, 473 U.S. 52 (1985) ........................................................ 10

*United States v. Sherwood*, 312 U.S. 584 (1941) ..................................................... 3

*United States v. Smith*, 499 U.S. 160 (1991) ......................................................... 10

*Waters v. Rumsfeld*, 320 F.3d 265 (D.C. Cir. 2003) ................................................... 6

*Wilson v. Libby*, 535 F.3d 697 (D.C. Cir. 2008) ...................................................... 7

*Wuterich v. Murtha*, 562 F.3d 375 (D.C. Cir. 2009) ................................................... 7

**District of Columbia Cases**

*Aguilar v. RP MRP Wash. Harbour LLC*, 98 A.3d 979 (D.C. 2014) ..........................................13

*Choharis v. State Farm Fire Ins. & Cas. Co.*, 961 A.2d 1080 (D.C. 2008) ................................12

*Payne v. Soft Sheen Prods., Inc.*, 486 A.2d 712 (D.C. 1985) .......................................... 10

**Statutes**

28 U.S.C. § 1331 ......................................................................................11

28 U.S.C. § 1332 ..................................................................................... 11

28 U.S.C. § 1346 .......................................................................... 4, 8, 6, 10

28 U.S.C. § 1361 ..................................................................................... 11

28 U.S.C. § 1367 ..................................................................................... 11

28 U.S.C. § 1491 ..................................................................................... 5

28 U.S.C. § 2675 ................................................................................................ 9, 11, 12

28 U.S.C. § 2679 ...................................................................................................... 1, 7, 8

28 U.S.C. § 2680 ............................................................................................... 8, 9, 10, 11

**Other**

28 C.F.R. § 14.2 ...................................................................................................... 11

Federal Rule of Civil Procedure 12 ........................................................... 1, 2, 3, 4, 6

Defendant the United States of America respectfully submits this memorandum of points and authorities in support of its motion to dismiss all claims in the Complaint.  First, even assuming the Complaint alleges a valid and enforceable claim sounding in contract against the United States, which the United States does not concede here, the request for damages of more than $10,000 in damages deprives this Court of subject matter jurisdiction over Plaintiff's contract claim.  Second, although the Federal Tort Claims Act ("FTCA") contains a limited waiver of sovereign immunity for certain torts involving federal employees acting in the scope of their employment, it excludes intentional torts, including fraud and misrepresentation, and the tort claims in this action are otherwise without merit in this action.  As a result, even taking all the allegations in the Complaint as true for purposes of argument, the claims set forth in the Complaint are legally defective.  Accordingly, the Court should dismiss this case.

## SUMMARY OF KEY ALLEGATIONS

As set forth in the Complaint, in September 2019, multiple employees of the State Department, including Plaintiff Gordon Sondland, were placed under subpoenas to testify before Congress in connection with the first impeachment of President Donald J. Trump.  *See* Complaint ¶¶ 1, 3.  Although government counsel did not represent Plaintiff or other  State Department employees in the impeachment proceedings, the State Department developed an administrative policy to compensate employees who elected to retain private counsel in connection with their congressional testimony.  *Id*. ¶¶ 53.  Sondland was allegedly also specifically informed that Department of Justice representation was unavailable to him in connection with his Congressional testimony.  *Id*. ¶¶ 25, 32.  Sondland utilized his private counsel in connection with public and closed-door appearances before Congress and a deposition, and he alleges that his private counsel billed him and he has paid "approximately $ 1,800,000.00" in connection with these matters.  *See id*. ¶¶ 32, 37, 41, 42, 56.

Sondland further alleges that after he directed his private counsel to begin preparing him to testify and in the midst of hearings that led to the impeachment of the President, then-Secretary of State Pompeo promised and repeatedly reaffirmed that the State Department would pay all fees for his private counsel, and that the Under Secretary for Management and Counselor to the Secretary subsequently affirmed this commitment.   *See* Complaint, ¶¶ 26, 27, 33, 55. Subsequently, the Complaint alleges that State Department stated that it would pay Sondland $86,040.00 in legal fees associated with his Congressional testimony "pursuant to the State Department's official reimbursement policy," which Sondland claims does not apply to him.   *Id*. ¶ 53.

## LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

Consistent with fundamental principles of federal judicial authority, Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim must be dismissed if a district court lacks jurisdiction to entertain it.  Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, courts must scrutinize allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6). *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003).  In considering a motion under Rule 12(b)(1), a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but courts are "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations," *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).  Further, the "court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).  Ultimately, the plaintiff bears

the burden of establishing the Court's jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936), and where jurisdiction does not exist, "the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Among its jurisdictional showings, a party suing the United States must establish that the government has unequivocally waived its immunity and that he has satisfied all prerequisites to filing suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Interstate Bank Dallas, N.A., v. United States*, 769 F.2d 299, 303 (5th Cir. 1985); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981). Waivers of sovereign immunity are strictly construed in favor of the United States. *Lane v. Peña*, 518 U.S. 187, 192 (1996).

### B.     Federal Rule of Civil Procedure 12(b)(6)

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 678-79.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.* (quoting *Twombly*, 550 U.S. at

555), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.* (citing *Twombly*, 550 U.S. at 555).

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

The Court should dismiss the case. The First Cause of Action is a breach of contract claim outside this Court's jurisdiction based on the absence of a clear waiver of recovery of less than ten thousand dollars. The Second, Third, and Fourth Causes of Action present tort claims for which the United States is the sole proper defendant, and Congress has not waived sovereign immunity for these claims.

## I.   THE TUCKER ACT DEPRIVES THIS COURT OF JURISDICTION OVER THE BREACH OF CONTRACT CLAIM AGAINST THE UNITED STATES.

Plaintiff's contract claim against the United States arises out of purported oral agreements between Plaintiff and the Secretary of State at the time of the alleged events. *See* Compl. ¶¶ 63-69. He seeks $1.8 million in damages. *Id.* "But "[f]ederal courts are courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Under the Tucker Act, Congress vested the Court of Federal Claims with exclusive jurisdiction over all contract claims against the federal government for more than $10,000 in damages. 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Because the First Cause of Action is grounded in an alleged oral contract and the amount sought far exceeds the $10,000 of the concurrent jurisdiction this Court has with the Court of Federal Claims over contract claims, this Court lacks subject matter jurisdiction. *Id*.

The Federal Circuit has observed that it "and its sister circuits will not tolerate a litigant's attempt to artfully recast its complaint to circumvent the jurisdiction of the Court of Federal Claims." *Consol. Edison Co. of N.Y. v. Dep't of Energy*, 247 F.3d 1378, 1385 (Fed. Cir. 2001) (citing *Veda Inc. v. Dep't of Air Force*, 111 F. 3d 37, 39 (6th Cir 1990)); *see Tex. Health Choice, L.C. v. U.S. Off. of Pers. Mgmt.*, 400 F.3d 895 (Fed. Cir. 2005); *Christopher Village, L.P. v. United States*, 360 F.3d 1319 (Fed. Cir. 2004). And the D.C. Circuit has harmonized its rulings with those of the Federal Circuit. *See, e.g.*, *Spectrum Leasing Corp. v. United States*, 764 F.2d 891 (D.C. Cir. 1985); *Mut. of Omaha Ins. Co. v. Nat'l Ass'n of Gov't Emps., Inc.*, 145 F.3d 389, 394 (D.C. Cir. 1998) ("what matters is the source of the right at stake. . . . determining whether an action is founded upon a contract. . . depends both on the source of the rights upon which the plaintiff bases its claims, and upon the type of relief sought (or appropriate)" (quotation marks and citations omitted)). As a result, plaintiffs may not cloak their contract claims in other claims before the District Court when they are in fact contract claims that belong in the Court of Federal Claims which has exclusive jurisdiction for contract claims against the United States for more than $10,000, including those not covered by the Contract Disputes Act. *See* 28 U.S.C. § 1491; *see also A&S Council Oil Co., Inc. v. Lader*, 56 F.3d 234, 241-42 (D.C. Cir. 1995); *Ingersoll Rand Co. v. U.S.*, 780 F.2d 74, 76-78 (D.C. Cir. 1985); *Motorola Inc. v. Perry*, 917 F. Supp 43 (D.D.C. 1996); *Cecile Indus., Inc. v. Cheney,* 995 F.2d 1052, 1055 (Fed Cir. 1993); *Cascade Pac. Int'l v. United States*, 773 F.2d 287, 296 (Fed. Cir. 1985).

The other allegations in the Complaint about the way the State Department subsequently treated the alleged promise or oral contract do not alter the analysis or the resulting lack of jurisdiction in this Court.

> "If an action arises 'primarily from a contractual undertaking,' jurisdiction lies in the [Court of Federal Claims] 'regardless of the fact that the loss resulted from the

negligent manner in which defendant performed its contract.'" The district court did not err in concluding that Mr. Awad's claims sounded in contract and that therefore exclusive jurisdiction lay in the Court of Federal Claims because Mr. Awad was seeking to recover in excess of $10,000.

*Awad v. United States*, 301 F.3d 1367, 1374 (Fed. Cir. 2002) (citations omitted); *see also id*. at 1372 ("Many breaches of contract can also be treated as torts. But in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to waive the breach and sue in tort brings the case within the Federal Tort Claims Act.") (citation omitted).

The D.C. Circuit has required unambiguous waivers of recovery of damages of less than $10,000 to proceed under the concurrent jurisdiction for breach of contract claims in the Little Tucker Act, 28 U.S.C. § 1346(a)(2).  *Waters v. Rumsfeld*, 320 F.3d 265, 272 (D.C. Cir. 2003) (holding the district court lacked jurisdiction over claims for unpaid wages, overtime, and damages under the Fair Labor Standards Act because "plaintiffs did not "clearly and adequately express" an intent to waive their FLSA claims in excess of $10,000"); *see also Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (recognizing the jurisdictional limits established by the Tucker Act).  Because the First Cause of Action in the Complaint depends on the Tucker Act for jurisdiction and the damages sought are substantially greater than $10,000, the Court lacks jurisdiction and should dismiss the claim.  Fed. Rs. Civ. P. 12(b)(1); 12(h)(3); *see Kline v. Cisneros*, 76 F.3d 1236, 1237 (D.C. Cir. 1996) (determining that a claim did arise under the Little Tucker Act and recognizing a lack of jurisdiction to proceed further); *Navab-Safavi v. Broad. Bd. of Governors,* 650 F. Supp. 2d 40, 67 (D.D.C. 2009) ("When the CDA [Contract Disputes Act]

applies to a claim, its procedures provide the exclusive remedy for that dispute, and this Court lacks jurisdiction to hear it.").

## II.     THE COURT SHOULD DISMISS THE TORT CLAIMS IN THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION FOR LACK OF AN APPLICABLE WAIVER OF SOVEREIGN IMMUNITY

### A.     The Westfall Act Requires That Claims Against Former Secretary of State Pompeo Proceed Only Against the United States Because He Was Acting in the Scope of Employment at All Relevant Times Alleged in the Complaint.

Based on the July 13, 2021 Westfall Certification (ECF No. 12) that former Secretary of State Pompeo was acting in the scope of his employment as to the allegations in the complaint, the remainder of the case automatically goes forward only against the United States as the sole defendant.  Pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), "federal employees [are permitted] absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  This relieves such employees from "the cost and effort of defending [a] lawsuit, and [ ] plac[es] those burdens of the Government's shoulders."  *Wuterich v. Murtha*, 562 F.3d 375, 380 (D.C. Cir. 2009) (quotation marks omitted). When a federal employee is sued for wrongful or negligent conduct, the Attorney General or his designee may certify that such employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Osborn*, 549 U.S. at 229-30; 28 U.S.C. § 2679(d)(1)–(2).  Upon such a certification, "the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn*, 549 U.S. at 230.   A Westfall certification carries "a rebuttable presumption that the employee has absolute immunity from the lawsuit and that the United States is to be substituted as the defendant." *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008).

In this case, the Westfall Certification by the Acting Chief of the Civil Division of the United States Attorney's Office for the District of Columbia states that former Secretary Pompeo was acting within the scope of his employment as an employee of the United States at the time of the incidents alleged in the complaint.  *See* ECF No. 12-1.  Although the Complaint includes a conclusory and alternative allegations that former Secretary Pompeo was not acting in the scope of his employment and "did not have authority" to bind the State Department or the United States to pay Plaintiff's attorneys' fees (Compl. ¶¶ 71, 73), it is clear that all of the allegations in the Complaint relate to his duties as the head of the State Department, *see Jacobs v. Vrobel*, 724 F.3d 217, 222 (D.C. Cir. 2013) (holding that the scope-of-employment test "is akin to asking whether the defendant merely was on duty or on the job when committing the alleged tort") (quoting *Harbury v. Hayden*, 522 F.3d 413, 422 n.4 (D.C. Cir. 2008)).  The well-pled allegations are fully consistent with the immunity established by the government's Westfall Certification, so "the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee." *Osborn*, 549 U.S. at 230; *Iqbal*, 556 U.S. at 678-79; 28 U.S.C. § 2679.  Accordingly, the sole defendant for the Second, Third, and Fourth Causes of Action is the United States.  *Id*.

**B.    Dismissal Is Appropriate Because Neither The Federal Tort Claims Nor Any Other Waiver of Sovereign Immunity Covers The Second, Third or Fourth Causes of Action.**

The tort claims identified in the Second, Third, and Fourth Causes of Action are for fraud, misrepresentation, and breach of warranty.  *See* Compl. ¶¶ 70-90.  The United States, the sole defendant for these claims, cannot be sued in tort except to the extent that Congress has enacted legislation authorizing suit by waiving sovereign immunity.  *Dalehite v. United States*, 346 U.S. 15, 30-31 (1953).  The FTCA, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80, is a limited waiver of sovereign immunity and it does not apply here for several reasons.  First and most

fundamentally, the FTCA expressly bars (with limited exceptions inapplicable here) all intentional torts, including claims sounding in fraud, misrepresentation, and intentional breaches of a contract or warranty. 28 U.S.C. § 2680(h).  As explained below, claims of negligent misrepresentation are likewise barred.  Moreover, even considering correspondence from Plaintiff's counsel dated June 23, 2020, relating to the allegations in the Complaint, Sondland failed to satisfy the administrative presentment requirements for any tort claim as required by 28 U.S.C. § 2675.  Finally, the economic loss rule would bar a negligence claim.

Although the breach of duties created by contract can sometimes be characterized as a tort, suit may not be maintained under the FTCA if, as here, the relationship between the parties is essentially contractual.  The Government's interest in uniform interpretation of its contracts requires that federal law apply to contractual claims, and because the FTCA looks to state law for the rules of decision in tort cases, the FTCA does not apply.

### 1.      The FTCA Excludes Fraud, Negligent Misrepresentation, and Breach of Warranty Claims

The FTCA specifies certain torts for which the statute expressly does not waive the government's sovereign immunity.  *See* 28 U.S.C. § 2680.  Among those exempted claims are those "arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract rights . . ."  28 U.S.C. § 2680(h).  The FTCA's "limitations and conditions upon which the Government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981). "[A] waiver of [sovereign] immunity . . . must be 'unequivocally expressed.'" *Id*.; *see also United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992); *United States v. King*, 395 U.S. 1, 4 (1969).  Such waivers are construed "strictly in favor of the sovereign." *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986), *abrogated by statute on other grounds as stated in Landsgraf v. USI Film Prods.*, 511 U.S. 244 (1994); *see also*

*Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *King*, 395 U.S. at 4; *United States v. Erika, Inc.*, 456 U.S. 201, 206 n.6 (1982).

The FTCA is a limited waiver of sovereign immunity, and the exclusive remedy, for claims for money damages sounding in tort for injuries to person or property as a result of an act or omission by a federal agency or employee acting within the scope of employment.  28 U.S.C. §§ 1346(b), 2671, 2675; *see also*, *e.g.*, *United States v. Smith*, 499 U.S. 160 (1991) (FTCA is the exclusive mode of recovery for the tort of a government employee, "even when the FTCA itself precludes Government liability" or operates to preclude a remedy altogether); *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *Mitchell v. Carlson*, 896 F.2d 128, 135 (5th Cir. 1990) (noting it is settled law that "Congress clearly intended the FTCA, with all of its exclusions and limitations, to provide the sole remedy for persons injured by federal employees acting within the scope of their employment").

Courts broadly construe the "arising out of" language in 28 U.S.C. § 2680(h); the pertinent question is whether the claim is "within the words and reason of the exception." *Kosak v. United States*, 465 U.S. 848, 853 n.9 (1984); *see also United States v. Shearer*, 473 U.S. 52 (1985).  In this case, Sondland's fraud, misrepresentation, and breach of warranty claims fall within the exceptions to the FTCA's waiver of sovereign immunity.  28 U.S.C. § 2680(h).  This exclusion applies to claims that arise from both negligent (Third Cause of Action) and willful (Second Cause of Action) misrepresentation.  *United States v. Neustadt*, 366 U.S. 696, 702 (1961); *Budik v. Ashley*, 36 F. Supp. 3d 132, 140 (D.D.C. 2014) (misrepresentation and fraud barred), *summarily aff'd*, No. 14-5102 (D.C. Cir. Nov. 12, 2014); *DeGeorge v.  United States*, 521 F. Supp. 2d 35, 39-40 (D.D.C. 2007) (negligent communication of misinformation).  The main allegation of the breach of warranty claim is also misrepresentation, Compl. ¶¶ 87, 89, and it is likewise barred by

28 U.S.C. § 2680(h).  *See generally Payne v. Soft Sheen Prods., Inc.*, 486 A.2d 712, 719 (D.C. 1985) ("Warranty, though it has become associated with principles of contract, originated as a tort action, similar to an action for deceit.").  Accordingly, all the tort claims asserted in the Complaint are barred because they are excluded from the FTCA's scope and no other waiver of sovereign immunity applies.[2]

And, thus, the Court should dismiss the Second, Third, and Fourth Causes of action for failure to identify an applicable waiver of sovereign immunity.

### 2.    Even If Not Barred as Impermissible Claims, Plaintiff Also Failed to Allege Proper Exhaustion of Required Administrative Remedies

Title 28, Section 2675 of the United States Code requires written presentation of tort claims to the relevant agency prior to filing a lawsuit.  Applicable regulations require administrative claims to give reasonable notice to the government of the basis for the claim and a sum certain for the damages demanded.  28 C.F.R. § 14.2(a); *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987); *see also* 2 Foreign Affairs Manual § 280, *et seq*.  The Complaint fails to identify any compliance with section 2675, and the closest it comes is the allegation that Sondland's counsel submitted a letter to the State Department in June 2020 demanding compensation based on the alleged promise to pay attorneys' fees.  Complaint ¶ 55.  That letter, dated June 23, 2020, stated, in relevant part:

> The Ambassador's legal fees and costs totaled $1,792,000. Of that amount, the wholly inadequate State Department-recommended insurance policy (which the Ambassador personally purchased) promptly paid the full $200,000 policy limit in

---

[2]     In addition to the Tucker Act and the FTCA, the Complaint identifies sections 1331, 1332, 1361, and 1367 of Title 28 as the basis for jurisdiction, but none of these is a waiver of sovereign immunity.  *See Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996) ("Neither the general federal question statute nor the mandamus statute by itself waives sovereign immunity.").  Diversity jurisdiction (section 1332) does not apply because Mr. Pompeo is no longer a defendant, nor does supplemental jurisdiction (section 1367) because FTCA claims are federal claims.

late 2019.  Of the remaining balance of $1,592,000, the State Department has reimbursed an additional $86,000, leaving an unpaid balance of $1,506,000.

June 23, 2020 Ltr. From Robert Luskin to Acting Legal Advisor, Department of State (attached as Exhibit 1).  But the June 23, 2020 -- the sole one alleged in the Complaint -- did not identify the legal basis for reimbursement as anything other than a broken promise and an inadequate policy. *Id*.  As such, the June 23, 2020 letter did not present a demand for payment of any tort claims and thus fails to satisfy the exhaustion requirement contained in 28 U.S.C. § 2675.  *See Fusco v. United States*, Civ. A. No. 20-0864 (JEB), 2021 WL 1061208, at *3 (D.D.C. Mar. 19, 2021); *Davis v. United States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013); *Grant v. Sec'y, Dep't of Veterans Affs.*, No. 03-5260, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004) (rejecting appellant's argument "that his informal letter of complaint to the Director of the Veterans' Administration Medical Center was sufficient to satisfy the FTCA's administrative exhaustion requirement").  Although timely exhaustion of administrative remedies under the FTCA may no longer present a jurisdictional defect, the exhaustion requirement remains.  *See Unite States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015).

Accordingly, the Court lacks jurisdiction over the tort claims alleged in the Complaint and should dismiss them.  Alternatively, to the extent any of the identified defects are non-jurisdictional, the Complaint fails to state any claim on which relief may be granted.

### 3.    To the Extent Plaintiff's Tort Claims Sound in Negligence, They Are Barred by the Economic Loss Rule

Even if the Court believes that certain of Plaintiff's claims sound in negligence, those claims would also be barred under the District of Columbia's adoption of the economic loss rule. That rule stems from the axiom that a "tort must exist in its own right independent of [a] contract, and any duty upon which the tort is based must flow from considerations other than [a] contractual relationship. The tort must stand as a tort even if the contractual relationship did not exist."

*Jefferson v. Collins*, 210 F. Supp. 3d 75, 84 (D.D.C. 2016) (quoting *Choharis v. State Farm Fire Ins. & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008)).  The rule "bars a plaintiff from recovering for purely economic losses under a theory of negligence." *Jefferson*, 210 F. Supp. 3d at 84 (citing *Aguilar v. RP MRP Wash. Harbour LLC*, 98 A.3d 979, 982 (D.C. 2014) (adopting the economic loss doctrine)).  The lone exception is where there exists a special relationship between the parties such that unreasonable behavior would pose a danger of inflicting physical injury.  *See id.*

Here, Sondland plainly seeks to recover for purely economic injuries—reimbursement of attorney's fees.  And he cannot credibly allege that his relationship with the State Department on this score subjected him to a risk of physical injury (i.e., being deprived top-notch private counsel did not threaten Sondland's physical well-being).  As such, were the Court to conclude that any of Sondland's alleged torts sounded in negligence, they would be barred under the economic loss rule as well.

## **CONCLUSION**

For all these foregoing reasons, the Court should dismiss this case.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____ /s/ _____
JANE M. LYONS, D.C. Bar No. 451737
Assistant United States Attorney
555 Fourth Street, N.W. – Room E4816
Washington, D.C.  20530
(202) 252-2540
Jane.Lyons@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
GORDLAND D. SONDLAND,                               )
                                                    )
            Plaintiff,                              )
                                                    )
      v.                                            )      Civil Action No. 21-1405 (RJL)
                                                    )
UNITED STATES OF AMERICA,                           )
                                                    )
            Defendant.                              )
_____             )


## [PROPOSED] ORDER

UPON CONSIDERATION of the Westfall Certification (ECF No. 12-1) and motion to dismiss filed by the United States, and the entire record herein, it is hereby

ORDERED that the motion to dismiss by the United States is GRANTED; and it is further

ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

This is a final order.

SO ORDERED.


_____                    _____
Date                                 RICHARD J. LEON
                                     United States District Judge