UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GORDON D. SONDLAND,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant.[1] | Civil Action No. 21-1405 (RJL) |

**DEFENDANT UNITED STATES' RESPONSE TO AMENDED NOTICE OF DISMISSAL AND SUPPLEMENT MEMORANDUM REGARDING TRANSFER**

In response to Plaintiff's Amended Notice of Voluntary Dismissal of Counts Two, Three and Four in the Complaint (ECF No. 18), Defendant United States notes that Plaintiff continues to mis-caption the matter because there are no longer any claims pending against Mr. Pompeo personally. By virtue of statute and the Government's Westfall Certification, the United States was automatically substituted for him. That said, despite this error in Plaintiff's Amended Notice, Plaintiff has now made clear that he has voluntarily dismissed all tort claims from the suit. As such, the principal barriers identified in the Government's opposition to Plaintiff's motion to transfer have been removed. Accordingly, the United States amends its position on the relief sought in that motion, withdraws its opposition, and respectfully informs the Court that it takes no position on Plaintiff's motion to transfer. In so doing, the United States does not waive, and

---

[1] Pursuant to the Westfall Certification filed in this case (ECF No. 12-1) and statute, the United States has been automatically substituted for the former Secretary of State and, thus, is now the only defendant in this action. *See* 28 U.S.C. § 2679(d)(1) (upon a Westfall Certification, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.").

expressly reserves, all defenses to Plaintiff's contract claim(s), including jurisdictional defenses that might apply in the Court of Federal Claims.

In view of Plaintiff's dismissal of all tort claims in this case, the United States defers to the Court and observes, in connection with the Court's evaluation of the interests of justice, that, by dismissing the complaint in this Court voluntarily and, after its dismissal, filing a complaint in the Court of Federal Claims, Plaintiff could achieve the same result as it seeks to achieve through its motion. Not only could that be accomplished in days, but self-transfer would also avoid any further court processing, the automatic stay imposed by 28 U.S.C. § 1292(d)(4)(B) when transfer is either granted or denied, and the Court of Federal Claims' special processing, filing, and service rules concerning transfers from another court -- including the requirement to file a new complaint within 28 days "after service of the notice of filing." *See* Rules of the Court of Federal Claims 3.1 ("Transfers and Referrals"); *cf.* Fed. R. Civ. P. 1 (requiring the Federal Rules of Civil Procedure to be applied "to secure the just, speedy, and inexpensive determination of every action").

| | |
|---|---|
| Dated: August 12, 2021 | Respectfully submitted, |
| | CHANNING D. PHILLPS, D.C. Bar # 415793<br>Acting United States Attorney |
| | BRIAN P. HUDAK<br>Acting Chief, Civil Division |
| | By: _____/s/ *Jane M. Lyons*_____<br>JANE M. LYONS, D.C. Bar # 451737<br>Assistant United States Attorney<br>555 Fourth Street, N.W. – Room E4816<br>Washington, D.C. 20530<br>(202) 252-2540<br>Jane.Lyons@usdoj.gov |
| | *Attorneys for the United States of America* |